NO. 07-06-0128-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 17, 2007



______________________________




TOMAS RAMIREZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 49,565-B; HON. JOHN BOARD, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

 Tomas Ramirez was convicted of the sexual assault of his adult daughter. In
challenging that conviction, he contends the evidence is legally and factually insufficient
to sustain the conviction due to his suffering from dementia which caused him to believe
he was having sex with his deceased wife. We overrule the issue and affirm the judgment.

 The standards by which we review the legal and factual sufficiency of the evidence
are set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)
and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to
those cases. 

 To convict appellant of sexual assault, the State was required to prove appellant
intentionally or knowingly caused the penetration of the sexual organ of his daughter
without her consent. Tex. Pen. Code Ann. §22.011(a)(1)(A) (Vernon Supp. 2006). The
evidence shows that prior to the alleged assault, appellant and his adult daughter began
drinking beer around 8:00 p.m. the previous evening and continued drinking until sometime
around 4:00 a.m. the next day. The victim was put to bed by her husband but she awoke
later to find her father attempting to penetrate her with his penis. Appellant does not
contend on appeal that he did not penetrate his daughter but rather he contends that he
suffered from dementia which caused him to believe that his daughter was his wife (who
had been deceased for a number of years) and thereby the required mens rea was absent. 

 After reading the record, we find no evidence either medical or otherwise that
appellant had ever suffered from or was suffering from dementia at the time of the alleged
assault. Furthermore, the victim's husband testified that when he put the victim to bed,
appellant kept asking for her. The complainant also testified that when she awoke and
realized that appellant was atop her, she asked him if he knew who she was and he said
"yes." When she asked him to identify her, he replied with the victim's name. Further, 1)
the complainant attempted to push her father off of her and suffered abrasions in the
process, 2) appellant did not cease his efforts to penetrate her until she told him her
husband had arrived home, 3) after the incident, appellant came to the door of the
bedroom in which the complainant had locked herself, and spoke to her as "mija," (or
daughter), and apologized, and 4) appellant told a police officer that nothing had happened
and he was just playing around. 

 This evidence, if believed by the jury, was sufficient to allow a rational trier of fact
to find appellant guilty beyond a reasonable doubt. Although there was evidence that
during the assault appellant said the words, "mommy, mommy," that evidence is not so
overwhelmingly unfavorable to the verdict as to render it invalid. Indeed we were cited to
no evidence revealing that appellant called his deceased wife "mommy." The verdict is
supported by both legally and factually sufficient evidence. 

 Accordingly, the judgment is affirmed.


 Brian Quinn 

 Chief Justice

Do not publish.



deWhenUsed="false" QFormat="true" Name="Strong"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00074-CR; 07-11-0075-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
10, 2011

 



 

JOSE ANGEL MARTINEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL DISTRICT COURT
NO. 5 OF DALLAS COUNTY;

 

NO. F98-29599-L, F01-32449-K; HONORABLE CARTER THOMPSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER ON ABATEMENT AND REMAND

 

Appellant,
Jose Angel Martinez, appeals from the trial courts determination to proceed to
adjudications of guilt for the offenses of aggravated assault with a deadly
weapon and sexual assault on a child.[1]  Appellant filed notice of appeal on November
22, 2010.  Thus, the appellate record was
due to be filed by December 27, 2010. 
Neither the clerks or reporters record was filed by this deadline nor
did the clerk or reporter request an extension of time to file the records.

On
February 17, 2011, by order of the Texas Supreme Court, this appeal was transferred
from the Fifth District Court of Appeals to this Court.  See Tex.
Govt Code
Ann. § 73.001 (West 2005).  By separate letters, both dated February 23,
2011, this Court notified the district clerk and official court reporter that
the appellate record in this case had been due to be filed no later than
December 27, 2010, and directed the clerk and reporter to advise this Court of
the status of the records on or before March 7, 2011.  We received the reporters record on March 7,
2011.  However, to date, we have neither
received the clerks record nor any response from the clerk to this Courts
February 23, 2011 directive.  

Accordingly,
we now abate this appeal and remand the cause to the trial court for further
proceedings.  See Tex. R. App. P. 35.3(c).  Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the status of the preparation of the clerks record, and to enter any
order necessary under the present circumstances to ensure that the clerks
record is filed as soon as practicable.

The
trial court shall cause the hearing to be transcribed.  In addition, the trial court shall (1)
execute findings of fact and conclusions of law addressing the foregoing
issues, (2) cause a supplemental clerk=s record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3)
cause a reporter=s record to be developed transcribing
the evidence and arguments presented at the aforementioned hearing, if
any.  The trial court shall then file the
supplemental clerk=s record and any reporter=s record transcribing the hearing
with the clerk of this Court on or before April 7, 2011.  Should further time be needed by the trial
court to perform these tasks, same must be requested before April 7, 2011.

It is so
ordered.

Per Curiam

Do not publish.

 

            








 











[1] Because
no clerks record has been filed in this case, the identification of the
offenses for which appellant was convicted are as reflected in appellants
notice of appeal and docketing statement.